Opinion filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 8, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00207-CR 

 

                                                    __________

 

                            BENJAMIN GROVER BRUMIT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                  Throckmorton
County, Texas

 

                                                     Trial
Court Cause No. 1124

 



 

                                                                   O
P I N I O N

The jury convicted Benjamin Grover Brumit of the
offense of possession/transportation of certain chemicals with the intent to
manufacture methamphetamine.  The trial
court assessed punishment at confinement for 18 years.  We affirm.








In two issues, appellant challenges the legal and
factual sufficiency of the evidence to support the conviction. TEX. HEALTH
& SAFETY CODE ANN. '
481.124 (Vernon Supp. 2005) provides that a person commits an offense if he
possesses or transports anhydrous ammonia with the intent to unlawfully
manufacture a controlled substance. 
Section 481.124 further provides that intent to unlawfully manufacture
is presumed if the anhydrous ammonia is in a container not designed and
manufactured to lawfully hold or transport anhydrous ammonia.  Appellant contends that the evidence was
insufficient to prove either possession or intent.

To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met.  Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App.2004);  Ross v.
State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App. 2002); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  

We review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain v. State, supra;
Clewis v. State, supra.  Due
deference must be given to the fact-finder=s
determination particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997).  The jury, as the
finder of fact, is the sole judge of the weight and credibility of the
witnesses=
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 & 1981).  This court has the authority to disagree with
the fact- finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.

Throckmorton County Sheriff John Riley testified
that there had been 25 to 35 thefts of anhydrous ammonia (a fertilizer used by
area farmers) from a certain set of storage tanks.  Sheriff Riley stated that anhydrous ammonia
was used in the ANazi@ method of manufacturing
methamphetamine.  In this method, cold
and sinus tablets were crushed and mixed with other ingredients including
anhydrous ammonia.








On January 7, 2003, these particular tanks had Aquite a bit [of anhydrous ammonia] in
them@; and
Sheriff Riley had the tanks under surveillance. 
At 4:45 p.m., a tan Ford Ranger pickup pulled up to the tanks.  Sheriff Riley saw someone get out of the
pickup on the passenger side.  While he
could not tell if the person was male or female, Sheriff Riley could clearly
see the person and could clearly see that the person had a container.  Sheriff Riley saw the person run up to the
tanks, spend a few minutes there, and then run back to the pickup.

As the pickup drove off, Sheriff Riley went to his
pickup which was hidden behind a barn. He was able to maintain visual contact
except for a few moments.  Sheriff Riley
followed the tan pickup as it drove down FM 1711.  The pickup ran a stop sign as it turned onto
U.S. Hwy 79.  Sheriff Riley turned on his
emergency lights as the tan pickup turned onto U.S. Hwy 79 and saw an arm reach
out of the passenger side of the pickup. 
The arm was holding the container so that the contents poured out.  The tan pickup then pulled over.  Sheriff Riley recognized the odor from the
container as the distinctive odor of anhydrous ammonia.

Appellant and Donna Lee Tolmasoff were the only
occupants of the pickup.  Tolmasoff was
driving, and appellant was the passenger. 
A cat food container was on the floorboard on the passenger side.  There was no cat food in the container;
however, there was a liquid with a very strong odor of ammonia.  Sheriff Riley collected a sample of the
liquid and placed it in a glass container with distilled water as he was
trained to do by the Task Force.  Empty
cold and sinus tablet boxes were also found in the tool box of the pickup.

Thomas Ekis testified that he was employed by
Forensic Consultant Services and that he was responsible for analyzing not only
street drugs but also the chemicals used to produce them.  Ekis explained to the jury that anhydrous
ammonia was Abasically
a pure chemical@; that,
at room temperature, anhydrous ammonia was a gas; and that, when compressed,
anhydrous ammonia was a cold liquid. 
Ekis tested the sample Sheriff Riley took from the cat food container
and determined that the liquid contained ammonia.  Ekis explained that placing the anhydrous
ammonia in water would preserve the sample of anhydrous ammonia but at the same
time would cause the anhydrous ammonia to dissolve into a solution of water and
ammonia.  Ekis examined the cat food
container and stated that, while the container would become cold and might
frost over, a person could hold the container with anhydrous ammonia inside of
it.








Appellant testified that Tolmasoff was his friend=s wife. 
Appellant stated that he and Tolmasoff were riding around looking for a
place to be alone.  Appellant testified
that one of his friends had given him the cat food container.  The solution in the container was an ammonia
solution his friend said would clean up the mess the cats had made in his
kitchen.  

Appellant stated that they drove by the tanks but
did not stop.  Tolmasoff was an alcoholic
and had been drinking from a bottle of Bacardi. 
As they were driving around, appellant saw Sheriff Riley parked in a
parking lot at the corner of FM 1711 and U.S. Hwy 79.  Appellant stated that, when Sheriff Riley
turned on his lights, he was worried that Tolmasoff would get in trouble for
driving with an open container of alcohol. 
Appellant testified that he held the bottle of Bacardi behind the cat
food container and poured the liquid from both containers out of the window.

Appellant further testified that his left hand had
been crushed in an oil field accident in 1972 and that he had been unable to
use his left hand since then.  Because of
his injury, appellant stated that he would not have been able to hold the cat
food container while opening the gate to where the anhydrous ammonia was
located.  However, appellant testified
that he was able to ride a bicycle, carry a five gallon bucket, and hold both
the cat food container and the Bacardi bottle at the same time.

It was undisputed at trial that some sort of
ammonia solution was contained in a ADeli
Cat@ cat food container and that the
container was not an approved container for anhydrous ammonia. Under Section
481.124(b)(1), intent could be presumed if appellant was in possession of
anhydrous ammonia in an improper container. 
After reviewing the evidence in the light most favorable to the verdict,
we find that a  rational jury could have
determined that appellant possessed the ADeli
Cat@ container of anhydrous ammonia and
could have found appellant guilty of the offense.  Likewise, after reviewing the evidence in a
neutral light, we find neither that the verdict is clearly wrong or manifestly
unjust nor that the evidence contrary to the verdict is so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met.  The evidence was both legally and factually
sufficient to support the jury=s
verdict.  Both issues are overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.